Lundberg Stratton, J.,
concurring in part and dissenting in part.
{¶ 25} I concur in the clarification of Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co., 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, in this case. However, I respectfully dissent from the majority’s legal conclusion that the appellants were not prejudiced by Park-Ohio’s failure to provide timely notification of the DiStefano lawsuit. In light of the clarification of Goodyear, I believe that we should remand this case for the trial court to conduct an inquiry into the actual prejudice, if any, suffered by Nationwide and Continental as a result of the delay.
{¶ 26} The trial court decided this issue on contractual grounds, finding that because Nationwide and Continental did not get notice of the DiStefano lawsuit until almost two years after the case was settled, they were “effectively prejudiced” by the failure of notice and the settlement of the case. However, the trial court made no factual findings of actual prejudice.
{¶ 27} The court of appeals likewise made sweeping legal conclusions regarding prejudice without a factual record before it. The appellate court merely concluded that “applying equitable principles to these facts, we cannot discern, nor have Nationwide and Continental demonstrated, any prejudice arising from Pennsylvania General’s notice.” 179 Ohio App.3d 385, 2008-Ohio-5991, 902 N.E.2d 53, ¶ 30. In addition, the court concluded that Nationwide and Continental had no right to *107 participate in the DiStefano litigation; thus, they could not have been prejudiced by the inability to participate. Id. at ¶ 32.
Davis & Young and Richard M. Garner; and Christie Parabue Mortensen Young and Elaine Whiteman Klinger, for appellee.
Mazanec, Raskin, Ryder & Keller Co., L.P.A., John T. McLandrich, Thomas S. Mazanec, and Frank H. Scialdone, for appellant Nationwide Insurance Company.
Troutman Sanders, L.L.P., and Rebecca L. Ross; Quinn, Emanuel, Urquhart, Oliver & Hedges, L.L.P., Kathleen M. Sullivan, and Jane M. Byrne; and Gallagher Sharp, Paul J. Schumacher, and Timothy Fitzgerald, for appellant Continental Casualty Company.
Brouse McDowell, Paul A. Rose, Sallie Conley Lux, and Amanda M. Leffler, for amici curiae Ohio Manufacturers’ Association, Bridgestone Americas Tire Operations, L.L.C., Dana Holding Corporation, Day-Glo Color Corporation, Goodrich Corporation, Goodyear Tire & Rubber Company, Lincoln Electric Company, Lubrizol Corporation, Pilkington North America, Inc., Procter & Gamble Company, RPM, Inc., Resco Holdings, L.L.C., Sherwin-Williams Company, Tremco Incorporated, and United Policyholders.
Frantz Ward, L.L.P., Stephen F. Gladstone, and Brendan M. Gallagher, urging reversal for amicus curiae Complex Insurance Claims Litigation Association.
Duane Morris, L.L.P., Phillip R. Matthews, and William J. Baron, urging reversal for amicus curiae Great American Insurance Company.
Thomson Hiñe, L.L.P., Alan F. Berliner, and Phillip B. Sineneng, urging reversal for amicus curiae The Ohio Insurance Institute.
{¶ 28} Now this court also concludes that there is an absence of prejudice despite no factual findings to support its conclusion. I believe that the parties are entitled to an opportunity to litigate the issue of actual prejudice. They may be unable to establish actual prejudice, but after having clarified that as the appropriate standard, we then deny the insurers the right to a hearing on the issue. Although the settlement may be reasonable, that alone does not establish the absence of prejudice. There are other issues, such as the destruction of subrogation rights.
{¶ 29} There is no question that Park-Ohio breached its contractual duties to Nationwide and Continental. I believe we should remand for the parties to litigate the issue of actual prejudice resulting from the breach of duty under the standards set forth today.